IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  15-cv-00379-LTB-MEH

MARIE KATHLEEN WEST,

      Plaintiff,

v.

AETNA HEALTH AND LIFE INSURANCE COMPANY,

      Defendant.

_____

**ORDER**
_____

Plaintiff Marie Kathleen West seeks long-term disability insurance coverage under a

group insurance policy issued by Defendant Aetna Health and Life Insurance Company

("Aetna").  Now before me is Aetna's Partial Motion to Dismiss [Doc. # 9], in which it seeks

dismissal of her claim for unreasonable delay or denial of benefits under Colo. Rev. Stat. § 10-3-

1116(1), pursuant to Federal Rule of Civil Procedure 12(b)(6).  The parties agree that the

insurance policy in question is governed by the Employee Retirement Income Security Act of

1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*  The question raised in Aetna's motion is whether

ERISA preempts Ms. West's claim under Section 10-3-1116(1).  I have reviewed the motion,

Ms. West's response [Doc. # 20], and the reply [Doc. # 21].  I have determined that oral

argument would not materially assist me in determining the motion.  As I explain below, I agree

with Aetna and **GRANT IN PART** the motion; I **DENY AS MOOT IN PART** the portion of

the motion that addresses a claim that Ms. West has since withdrawn, as noted below.

## I.  Standard of Review

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss asserting preemption based on ERISA is properly reviewed pursuant to Rule 12(b)(6).  *See Settles v. Golden Rule Ins. Co.,* 927 F.2d 505, 508 (10th Cir. 1991); *see also Baker v. Allied Chem. Corp.*, 503 F. App'x 643, 649 (10th Cir. 2012).  In deciding a Rule 12(b)(6) motion, the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012).  By contrast, the court does not accept legal conclusions as true.  *Khalik v. United Airlines*, 671 F.3d 1188, 1190 (10th Cir. 2012).

## II.  Analysis

Section 514(a) of ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA.  29 U.S.C. § 1144(a).  ERISA's "savings clause," however, exempts from preemption, *inter alia*, "any law of any State which regulates insurance."  *Id.* § 1144(b)(2)(A).  The Supreme Court has explained that a state law must meet two requirements to be a law "which regulates insurance" and thereby be saved from preemption.  *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 342 (2003).  "First, the state law must be specifically directed toward entities engaged in insurance. . . . Second . . . the state law must substantially affect the risk pooling arrangement between the insurer and the insured."  *Id.*  Here, the parties dispute only the second requirement.

In connection with the second requirement, the Court in *Miller* emphasized consideration of whether the law at issue "alter[s] the scope of permissible bargains between insurers and

insureds." *Id.* at 338-39.  The Court also cited its prior decision in *Pilot Life Insurance Co. v.*

*Dedeaux*, 481 U.S. 41, 57 (1987).  *See Miller*, 538 U.S. at 341.  In *Pilot Life*, the Court held that

a Mississippi common law cause of action for bad faith breach of contract was preempted by

ERISA.  *Pilot Life*, 481 U.S. at 57.  The Court explained that "the common law of bad faith does

not define the terms of the relationship between the insurer and the insured; it declares only that,

whatever terms have been agreed upon in the insurance contract, a breach of that contract may in

certain circumstances allow the policyholder to obtain punitive damages."  *Id.* at 51.  The Court

added that ERISA's "civil enforcement scheme . . . is one of the essential tools for

accomplishing the stated purposes of ERISA" and that it was "reluctant to tamper with an

enforcement scheme crafted with such evident care as the one in ERISA."  *Id.* at 53-54 (internal

citations and quotations omitted).  The Court noted, for example, that, under ERISA, "a plan

participant or beneficiary may sue to recover benefits due under the plan, to enforce the

participant's rights under the plan, or to clarify rights to future benefits," and that "[r]elief may

take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an

injunction against a plan administrator's improper refusal to pay benefits."  *Id.* at 53.

Applying these principles, I conclude that ERISA preempts Ms. West's claim under

Colo. Rev. Stat. § 10-3-1116(1).  Section 10-3-1116(1) provides that "[a] first-party claimant as

defined in section 10-3-1115 [which the parties agree Ms. West is] whose claim for payment of

benefits has been unreasonably delayed or denied may bring an action in a district court to

recover reasonable attorney fees and court costs and two times the covered benefit."  This

provision does not substantially affect the risk pooling arrangement between the insurer and

insured and, accordingly, does not fall within ERISA's savings clause.  Like the common law

bad faith cause of action in *Pilot Life*, Section 10-3-1116(1) does not mandate that the insurer

and insured agree on particular policy terms but, rather, "declares only that, whatever terms have

been agreed upon in the insurance contract, a breach of that contract may in certain

circumstances allow the policyholder to obtain punitive damages." *Pilot Life*, 481 U.S. at 51.

And allowing recovery under Section 10-3-1116(1) would interfere with ERISA's enforcement

scheme, just as in *Pilot Life*. *Id.* at 53-54. It does not appear that the Tenth Circuit has addressed

the precise question here. In a case predating the enactment of Section 10-3-1116(1), however, it

relied upon these rationales to hold that ERISA preempted Colorado's common law cause of

action for bad faith breach of an insurance contract. *See Kidneigh v. UNUM Life Ins. Co of Am.,*

345 F.3d 1182, 1185 (10th Cir. 2003). There, the court explained that "bad faith claims, whether

common law or statutory, merely provide an additional remedy for policyholders" and,

accordingly, do not "substantially affect[ ] the type of risk pooling arrangements that insurers

may offer." *Id.* at 1187 (internal citations and quotations omitted).

Other judges of this Court and the Colorado Court of Appeals have held that ERISA

preempts claims under Section 10-3-1116(1). *See Flowers v. Life Ins. Co. of N. Am.*, 781 F.

Supp. 2d 1127, 1132 (D. Colo. 2011) ("[S]ubsection 10-3-1116(1) is not a law regulating

insurance within the meaning of ERISA's savings clause and, as such, is completely preempted

by ERISA."); *Smith v. Aetna Life Ins. Co.*, No. 13-CV-02888-MSK-MEH, 2014 WL 2862130, at

*4 (D. Colo. June 24, 2014) ("Mr. Smith's statutory claims under C.R.S. §§ 10-3-1115,

-1116(1) . . . are expressly preempted and also conflict with ERISA's integrated remedial

scheme."), *reconsideration denied*, 2015 WL 1509685 (D. Colo. Mar. 30, 2015); *Timm v.*

*Prudential Ins. Co. of Am.*, 259 P.3d 521, 526 (Colo. App. 2011) ("Because section 10-3-1116(1)

allows a double recovery of benefits, it supplements and conflicts with ERISA's remedies and is

therefore preempted.").

Ms. West relies upon several cases holding that ERISA does not preempt certain

subsections of Section 10-3-1116 that relate to an insurer's discretion to interpret the terms of an

insurance policy.  *See Rose v. Hartford Life & Accident Ins. Co.*, No. 11-CV-02905-WJM-CBS,

2014 WL 2609628, at *4 (D. Colo. June 11, 2014); *McClenahan v. Metro. Life Ins. Co.*, 621 F.

Supp. 2d 1135, 1140 (D. Colo. 2009) *aff'd on other grounds*, 416 F. App'x 693 (10th Cir. 2011);

*Kohut v. Hartford Life & Acc. Ins. Co.*, 710 F. Supp. 2d 1139, 1147 (D. Colo. 2008).  Whether

ERISA preempts provisions regarding interpretation of insurance policies, however, is an inquiry

wholly distinct from whether ERISA preempts a provision creating an additional remedy for

policyholders.  *See, e.g., Flowers*, 781 F. Supp. 2d at 1132 (highlighting this distinction).

Accordingly, Ms. West's cited cases are not persuasive.  In addition, Ms. West's argument that

*Pilot Life*, *supra*, was "overruled in part" by *Miller*, *supra*, is unavailing.  Resp. at 4 [Doc. # 20].

While it is true that *Miller* clarified the test for whether a state law fits within ERISA's savings

clause, the Tenth Circuit's opinion in *Kidneigh*, *supra,* which followed *Miller*, confirms that

*Pilot Life*'s holding stands.  *See Kidneigh*, 345 F.3d at 1188 (rejecting argument that "*Miller*

worked a wholesale reconsideration of [the] ERISA preemption analysis" and noting that "*Pilot*

*Life* is still cited in *Miller* with approval").

I turn finally to two ancillary matters raised in the briefing.  First, Aetna moved to

dismiss another of Ms. West's claims, which is styled as a claim for "Statutory Penalties for

Failure to Provide Claim File Within 30 Days."  Compl. at 10-11 [Doc. # 1].  Ms. West has since

withdrawn this claim.  Resp. at 1 [Doc. # 20].  Accordingly, I will deny Aetna's motion as moot

in this regard.  Second, Ms. West argues in her response that the Court is required to review

Aetna's denial of her insurance claim *de novo* pursuant to Colo. Rev. Stat. § 10-3-1116(3).

Aetna did not raise this issue in its motion but urges a more deferential standard of review in its

reply.  Aetna's motion is one to dismiss claims and raises only the preemption issue addressed

above.  Because I need not determine the applicable standard of review to decide Aetna's

motion, and because Ms. West has not otherwise properly raised this issue, I decline to address it

at this juncture.  *See* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or

reply to the original motion.").  I will address the applicable standard of review if and when the

issue is properly before the Court.

### III.  Conclusion

Accordingly, Aetna's motion is **GRANTED IN PART AND DENIED AS MOOT IN**

**PART**.  Ms. West's claim under Colo. Rev. Stat. § 10-3-1116(1) is **DISMISSED.**

DATED: February __9__, 2016, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE